## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA
## WEST PALM BEACH DIVISION
www.flsb.uscourts.gov

In re:  Renea D. Thomas                                  Case No.: 17-16560-EPK
      SS#:  5647                                    Chapter 13

      Debtor(s).

_____/

## EX PARTE MOTION TO APPROVE MORTGAGE MODIFICATION AGREEMENT WITH BANK OF AMERICA, NA AND/OR FEDERAL NATIONAL MORTGAGE ASSOCIATION AND/OR STEREUS, INC. AND/OR BUNGALOW SERIES F REO, LLC AND/OR BSI FINANCIAL SERVICES AND/OR US BANK TRUST NATIONAL ASSOCIATION, AS TRUSTEE OF AND/OR BUNGALOW SERIES F TRUST

The above-referenced Debtor requests the Court enter an Order approving the Mortgage Modification Agreement with Bank of America, NA and/or Federal National Mortgage Association and/or Seterus, Inc. and/or Bungalow Series F REO, LLC and/or BSI Financial Services and/or US Bank Trust National Association, as Trustee of Bungalow Series F Trust ("Lender") with respect to real property located at 1209 Dayman Avenue, Fort Pierce, FL 34950 and states as follows:

1. The Court referred this matter to Mortgage Modification Mediation ("MMM") on August 23, 2017 (ECF # 34).

2. The final MMM conference was schedule but not held as Lender presented Debtor with a trial period plan prior to mediation.

3. Debtor completed all conditions precedent under the trial period plan and Lender presented Debtor with a Loan Modification Agreement ("Agreement").

4. Attached is a copy of the Agreement entered into between the parties (with all personal identifiers redacted).

5. Pursuant to the Agreement, the Lender will draft all documents required by the Agreement, other than pleadings or plans required to be filed in this case.

MMM-LF-14 (rev. 04/01/15)

6.    Pursuant to the Agreement, the Debtor shall immediately amend the last filed chapter 13 plan to provide for the payment.

7.    All payments shall be considered timely upon receipt by the trustee, not upon receipt by the Lender.

8.    The trustee may disburse the payment as adequate protection to the Lender until such time as the plan/modified plan is confirmed, or the case is dismissed or converted to another chapter.

**WHEREFORE,** the Debtor requests the Motion to Approve Mortgage Modification Agreement with Bank of America, NA and/or Federal National Mortgage Association and/or Seterus, Inc. and/or Bungalow Series F REO, LLC and/or BSI Financial Services and/or US Bank Trust National Association, as Trustee of Bungalow Series F Trust ("Lender") be granted and for such other and further relief as this Court deems proper.

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a true and correct copy of the Motion to Approve Mortgage Modification Agreement with Bank of America, NA and/or Federal National Mortgage Association and/or Seterus, Inc. and/or Bungalow Series F REO, LLC and/or BSI Financial Services and/or US Bank Trust National Association, as Trustee of Bungalow Series F Trust was served by U.S, first class mail, upon the parties listed below on May 6, 20 19 .

/s/ _____
Attorney for Debtor(s)
Address:      302 South Second Street
                    Fort Pierce, FL 34950
Telephone:    (772) 464-4600
Fax:              (772) 465-4747
Colin V. Lloyd, Esq.
Florida Bar No.: 0165182
e-mail address: ecolin@hosklaw.com
Justin A. Lefko, Esq.
Florida Bar No.: 101123
e-mail address: justin@hosklaw.com

Copies to:  BSI Financial Services, P.O. Box 679002, Dallas, TX 75267; Bank of America, N.A. c/o Brian Moynihan(President & CEO): 100 N. Tryon Street, Charlotte, NC 28202; CT Corporation System as Registered Agent for Bank of America Corporation: 1200 South Pine Island Road, Plantation, FL 33324; Bank of America Corporation: 401 North Tyron Street NC1-021-02-20, Charlotte, NC 28255; Bank of America: PO Box 26078, Greensboro, NC 27420; Federal National Mortgage Association: attn: Timothy Mayopoulos (CEO): 3900 Wisconsin Avenue, NW, Washington, DC 20016; Federal National Mortgage Association c/o IBM Lender Business Process Services, Inc.: 14523 SW Millikan Way, #200, Beaverton, OR 97005; Federal Nation.al Mortgage Association: 14221 Dallas Parkway, Ste. 1000, Dallas, TX 75254; Seterus, Inc. Attn: Memmott Jay (President): 3039 Cornwallis Rd, Bldg. 203, SSTE CC133, Research Triangle Park, NC 27709; CT Corporation System as Registered Agent for Seterus, Inc.: 1200 South Pine Island Road, Plantation, FL 33324; Seterus, Inc.: PO Box 2008, Grand Rapids, MI 49501; Bungalow Series F REO, LLC, c/o BSI Financial Services, Attn.: W. Bruce Woodard (President), 510 Savona Court, Altamonte Springs, FL 32701; W. Bruce Woodard as Registered Agent for BSI Financial Services, Savona Court, Altamonte Springs, FL 32701; BSI Financial Services, Attn.: W. Bruce Woodard (President), 510 Savona Court, Altamonte Springs, FL 32701; W. Bruce Woodard as Registered Agent for BSI Financial Services, Savona Court, Altamonte Springs, FL 32701

Lender's Counsel:  Bungalow Series F REO, LLC, c/o Kahane & Associates, PA, 8201 Peters Road, Suite 3000, Plantation, FL 33324; BSI Financial Services, c/o Berger Firm, PA, 3050 Biscayne Blvd., Suite 402, Miami, FL 33137

The Mediator:  Harry J. Ross, Esq., mediations@hjrlaw.com

 

February 5th, 2019                    VIA OVERNIGHT COURIER

Renea D Thomas
1209 Dayman Avenue
Fort Pierce, Florida 34950

Re:     Loan No.: 1461005216
        Property Address: 1209 Dayman Avenue, Fort Pierce, Florida 34950

Dear Renea D Thomas:

Enclosed please find two original copies of a Loan Modification Document Package and one copy for your records,
which RUTH RUHL, P.C. ("Firm") has prepared pursuant to the request of its client, BSI Financial Services
("BSI"). Please review the Loan Modification Agreement. If it is consistent with your prior discussions with BSI,
please execute the documents **in the presence of a notary** and return to BSI in the enclosed envelope **provided
within 14 days of receipt of this package**. Please sign your name exactly as it is printed under the signature line.
Witness signatures must be from two different individuals and require their printed name under their signature.

In addition to the documents, please include your initial contribution in certified funds, in the amount of
$0.00. This will be necessary to complete and record the modification and includes charges for corporate advances
by BSI, including but not limited to attorney fees and costs, returned check fees and late charge fees. Additional
sums may become due as a result of the timing of this letter and agreement. Nothing in this letter or agreement
precludes collection of additional advances by BSI.

The Agreement changes the monthly principal and interest amount of your payment to $1,549.31, effective July 1st,
2018. The taxes and insurance portion of the monthly payment is $770.24, with a total payment of $2,319.55 due
August 1st, 2018. Please note that the tax and insurance payment amount is subject to change upon escrow analysis.
If you are currently making payments under a repayment agreement with BSI, you are responsible for continuing
your payments to BSI through the effective date of the Agreement. Failure to make the payments may result in
BSI's rescission of this loss mitigation option.

If you have any questions regarding the Loan Modification Agreement, please consult with your BSI Loss
Mitigation representative. Please note that the Firm is not attempting to collect the debt and its role is to prepare the
documents and ensure that the documents are in a recordable format.

Very truly yours,


BSI Financial Services
Enclosures

BSI Financial Services is a debt collector. BSI is attempting to collect a debt and any information obtained will be
used for that purpose. However, if you are in bankruptcy or received a bankruptcy discharge of this debt, this
communication is not an attempt to collect the debt against you personally, but is notice of a possible enforcement of
the lien against the collateral property.

After Recording Return To:
BSI Financial Services
Attn: Recording Department
1425 Greenway Drive, Suite 400
Irving, Texas 75038
**This Document Prepared By:**
Ruth Ruhl, Esquire
RUTH RUHL, P.C.
12700 Park Central Drive, Suite 850
Dallas, TX 75251

**THIS IS A BALLOON MORTGAGE AND THE FINAL PRINCIPAL PAYMENT OR THE PRINCIPAL BALANCE DUE UPON MATURITY IS $33,735.00 TOGETHER WITH ACCRUED INTEREST, IF ANY, AND ALL ADVANCEMENTS MADE BY THE MORTGAGEE UNDER THE TERMS OF THIS MORTGAGE.**

# LOAN MODIFICATION AGREEMENT
### (Providing for Deferred Payment on the Maturity Date)
**THIS LOAN IS PAYABLE IN FULL AT MATURITY. YOU MUST REPAY THE ENTIRE PRINCIPAL BALANCE OF THIS LOAN AND ALL UNPAID INTEREST AND ANY OTHER AMOUNTS THEN DUE. LENDER IS UNDER NO OBLIGATION TO REFINANCE THIS LOAN AT THAT TIME. YOU WILL, THEREFORE, BE REQUIRED TO MAKE PAYMENT OUT OF OTHER ASSETS THAT YOU MAY OWN, OR YOU WILL HAVE TO FIND A LENDER, WHICH MAY BE THE LENDER WITH WHOM YOU HAVE THIS LOAN, WILLING TO LEND YOU THE MONEY. IF YOU REFINANCE THIS LOAN AT MATURITY, YOU MAY HAVE TO PAY SOME OR ALL OF THE CLOSING COSTS NORMALLY ASSOCIATED WITH A NEW LOAN EVEN IF YOU OBTAIN REFINANCING FROM THE SAME LENDER.**

Loan No.:  1461005216

This Loan Modification Agreement ("Modification"), is effective February 5th, 2019                , between
Renea D Thomas

("Borrower"),

whose address is  1209 Dayman Avenue, Fort Pierce, Florida 34950
and  U.S. Bank Trust National Association, as Trustee of Bungalow Series F Trust by its attorney-in-fact, BSI
Financial Services

("Lender"),

whose address is  1425 Greenway Drive, Suite 400, Irving, Texas 75038
and amends and supplements (1) the Note (the "Note") made by the Borrower, dated  May 10th, 2006             , in the
original principal sum of U.S.$ 250,000.00        , and (2) the Mortgage, Deed of Trust or Security Deed (the
"Security Instrument"), recorded on May 22nd, 2006          , in Book/Liber 2568          , Page 2056
Instrument No. 2862330            ,                    Records of  St. Lucie          County,Florida            .

**"The portion of the Unpaid Principal Balance which is subject to documentary stamp and intangible
tax is $ 65,318.66      ."**

---

**FLORIDA LOAN MODIFICATION AGREEMENT**                                          **Page 1 of 4**

Loan No.:  1461005216

The Security Instrument, which was entered into as security for the performance of the Note, encumbers the real and personal property described in the Security Instrument (and defined in the Security Instrument as the "Property"), which is located at  1209 Dayman Avenue, Fort Pierce, Florida 34950

That real property is described as follows:

SEE EXHIBIT "A" ATTACHED HERETO AND MADE A PART HEREOF.

 

     The Borrower has requested that the Lender modify the terms of the Note and Security Instrument. The Lender has agreed to do so pursuant to the terms and conditions stated in this Modification. In consideration of the agreements made in this Modification, and other good and valuable consideration which the parties agree they have received, the Borrower and Lender agree to modify the terms of the Note and Security Instrument as follows. The Borrower and Lender agree that the provisions of this Modification supersede and replace any inconsistent provisions set forth in the Note and Security Instrument.

     1.     The Borrower represents that the Borrower  ☒is,  ☐is not, the occupant of the Property.

     2.     As of the date of this Modification, the amount payable under the Note and the Security Instrument is $315,318.66 (the "Unpaid Principal Balance). The Unpaid Principal Balance consists of the amount of $281,583.66, which shall bear interest and amortize in accordance with this paragraph (the "Amortizing Amount") and the amount of $33,735.00, which shall not bear interest, except as provided in Section 4, and which shall not amortize. This latter amount is herein referred to as the "Deferred Payment" and is further defined in Section 4.

     3.     Interest at the rate of 6.000% will begin to accrue on the Amortizing Amount as of July 1st, 2018 and the first new monthly payment on the Amortizing Amount will be due on August 1st, 2018. The new Maturity Date will be July 1st, 2058. My payment schedule for the modified Loan is as follows:

| Years | Interest Rate | Interest Rate Change Date | Monthly Principal and Interest Payment Amount | Estimated Monthly Escrow Payment Amount* | Total Monthly Payment* | Payment Begins On | Number of Monthly Payments |
|---|---|---|---|---|---|---|---|
| 1-40 | 6.000% | 07/01/2018 | $1,549.31 | $770.24 may adjust periodically | $2,319.55 may adjust periodically | 08/01/2018 | 480 |
| N/A | N/A | N/A | N/A | May adjust periodically | May adjust periodically | N/A | N/A |

     *Escrow Impound is required as part of this Modification. The escrow payments may be adjusted periodically in accordance with applicable law and therefore my total monthly payment may change accordingly.

     The Borrower will make such payments at  1425 Greenway Drive, Suite 400, Irving, Texas 75038

or at such place as the Lender may require.

     4.     Borrower acknowledges that interest has accrued but has not been paid and Lender has incurred, paid or otherwise advanced taxes, insurance premiums and other expenses necessary to protect or enforce its interest under the Note and the Security Instrument, and that such interest, taxes, insurance premiums and other expenses in the total amount of $33,735.00 (collectively, the "Deferred Payment") will be due and payable on the Maturity Date or upon payment-in-full of all sums evidenced by the Note and this Modification and secured by the Security Instrument and this Modification, whichever first occurs. The Deferred Payment shall not bear interest if paid on the Maturity Date or if the Loan is paid in full prior to the Maturity Date. The Deferred Payment may not be paid separately prior to the Maturity Date. However, if Borrower defaults hereunder and fails to pay the Deferred Payment on the Maturity Date, then any such unpaid amount shall bear interest at the interest rate borne by the Note from such date up to, but not including, the date full payment of the Deferred Payment is made.

Loan No.:  1461005216

5.        Except to the extent that they are modified by this Modification, the Borrower will comply with all other covenants, agreements, and requirements of the Note and Security Instrument, including without limitation, the Borrower's covenants and agreements to make all payments of taxes, insurance premiums, assessments, escrow items, impounds, and all other payments that the Borrower is obligated to make under the Security Instrument.

Further, if applicable, the mortgage insurance premiums may increase as a result of the capitalization which will result in a higher total monthly payment. The date on which Borrower may request cancellation of mortgage insurance may change as a result of the Unpaid Principal Balance.

6.        Nothing in this Modification shall be understood or construed to be a satisfaction or release in whole or in part of the Note and Security Instrument.  Except as otherwise specifically provided in this Modification, the Note and Security Instrument will remain unchanged and in full effect, and the Borrower and Lender will be bound by, and comply with, all of the terms and provisions thereof, as amended by this Modification.

**THIS IS A BALLOON MORTGAGE AND THE FINAL PRINCIPAL PAYMENT OR THE PRINCIPAL BALANCE DUE UPON MATURITY IS $33,735.00 TOGETHER WITH ACCRUED INTEREST, IF ANY, AND ALL ADVANCEMENTS MADE BY THE MORTGAGEE UNDER THE TERMS OF THIS MORTGAGE.**

[To be signed by all Borrowers, endorsers, guarantors, sureties, and other parties signing the Note or Security Instrument].

| | |
|---|---|
| 2/20/19 | Renea D Thomas _____(Seal) |
| Date | —Borrower |
| _____ | _____(Seal) |
| Date | —Borrower |
| _____ | _____(Seal) |
| Date | —Borrower |
| _____ | _____(Seal) |
| Date | —Borrower |

## BORROWER ACKNOWLEDGMENT

State of        FL        §

County of     ST LUCIE     §

The foregoing instrument was acknowledged before me this    2/20/19    [date], by Renea D Thomas

who is personally known to me or who has produced *[type of identification]* as identification.          *[name of person acknowledging]*,

FLDL

_____
Signature of Person Taking Acknowledgment

ASHLEY M. SOMERS
MY COMMISSION # FF 923226
EXPIRES: October 1, 2019
Bonded Thru Notary Public Underwriters

_____
Name Typed, Printed or Stamped
Notary Public
Title or Rank

_____
Serial Number, if any

ACKNOWLEDGMENT (FLORIDA)                                            Page 3 of 4

# Exhibit "A"
# Legal Description

A parcel of land lying within Lots 8 and 9, Block 48, Plat of BILTMORE PARK, according to the Plat thereof as recorded in Plat Book 4, Page 52, of the Public Records of ST. LUCIE County, Florida, being more particulary described as follows:

Commence at the most Northwesterly corner of said Lot 7; thence South 49 degrees 58'37" East along the Northerly line of said Lots 7 and 8, a distance of 69.26 feet for the Point Of Beginning; thence continue South 49 degrees 58'37" East along the Northerly line of said Lots 8 and 9, a distance of 69.26 feet; thence South 40 degrees 01'23" West, 145.00 feet to the Southerly line of said Lot 9; thence North 49 degrees 58'37" West along the Southerly line of said Lots 8 and 9, a distance of 69.26 feet; thence North 40 degrees 01'23" East 145.00 feet to the Point Of Beginning. (Also known as a parcel of land of the unrecorded Amended Plat of BILTMORE PARK)

PARCEL ID: 2416-602-0097-000/7

Loan No.:  1461005216

U.S. Bank Trust National Association, as
Trustee of Bungalow Series F Trust by   —Lender
its attorney-in-fact, BSI Financial
Services

_____   -Date

By: _____

Its: _____


(Corporate Seal)


## LENDER ACKNOWLEDGMENT

State of                                    §
                                            §
County of                                   §

    The foregoing instrument was acknowledged before me this                    ,        *[date]*,
by                                                   ,                    *name of officer or agent,*
*title of officer or agents* of   U.S. Bank Trust National Association, as Trustee of Bungalow Series F Trust by its
attorney-in-fact, BSI Financial Services

                                        , on behalf of said entity.

He/She is personally known to me or has produced
*[type of identification]* as identification.

(Seal)

_____
Signature of Person Taking Acknowledgment

_____
Name Typed, Printed or Stamped

Notary Public
Title or Rank

_____
Serial Number, if any

# 1-4 FAMILY RIDER
## (Assignment of Rents)

Loan No.: 1461005216

THIS 1-4 FAMILY RIDER, made    the    5th    day of February, 2019    and is incorporated into and shall be deemed to amend and supplement the Loan Modification Agreement of the same date made by
Renea D Thomas

(the "Borrower")
and U.S. Bank Trust National Association, as Trustee of Bungalow Series F Trust by its attorney-in-fact, BSI Financial Services

(the "Lender")
covering the Property described in the Loan Modification Agreement located at:   1209 Dayman Avenue, Fort Pierce, Florida 34950

[Property Address]

In addition to the covenants and agreements made in the Loan Modification Agreement, the Borrower and Lender covenant and agree as follows:

**1-4 FAMILY COVENANTS.**  Notwithstanding any other covenant, agreement or provision of the Note and Security Instrument as defined in the Loan Modification Agreement, the Borrower agrees as follows:

**A.    ADDITIONAL PROPERTY SUBJECT TO THE SECURITY INSTRUMENT.**  In addition to the Property described in Security Instrument, the following items now or hereafter attached to the Property to the extent they are fixtures are added to the Property description, and shall also constitute the Property covered by the Security Instrument:  building materials, appliances and goods of every nature whatsoever now or hereafter located in, on, or used, or intended to be used in connection with the Property, including, but not limited to, those for the purposes of supplying or distributing heating, cooling, electricity, gas, water, air and light, fire prevention and extinguishing apparatus, security and access control apparatus, plumbing, bath tubs, water heaters, water closets, sinks, ranges, stoves, refrigerators, dishwashers, disposals, washers, dryers, awnings, storm windows, storm doors, screens, blinds, shades, curtains and curtain rods, attached mirrors, cabinets, paneling and attached floor coverings, all of which, including replacements and additions thereto, shall be deemed to be and remain a part of the Property covered by the Security Instrument.  All of the foregoing together with the Property described in the Security Instrument (or the leasehold estate if the Security Instrument is on a leasehold) are referred to in this 1-4 Family Rider and the Security Instrument as the "Property."

**B.    USE OF PROPERTY; COMPLIANCE WITH LAW.**  Borrower shall not seek, agree to or make a change in the use of the Property or its zoning classification, unless Lender has agreed in writing to the change. Borrower shall comply with all laws, ordinances, regulations and requirements of any governmental body applicable to the Property.

---

Loan No.: 1461005216

  **C. SUBORDINATE LIENS.** Except as permitted by federal law, Borrower shall not allow any lien inferior to the Security Instrument or the Loan Modification Agreement to be perfected against the Property without Lender's prior written permission.

  **D. RENT LOSS INSURANCE.** Borrower shall maintain insurance against rent loss in addition to the other hazards for which insurance is required by Section 5.

  **E. "BORROWER'S RIGHT TO REINSTATE" DELETED.** Section 19 is deleted.

  **F. BORROWER'S OCCUPANCY.** Unless Lender and Borrower otherwise agree in writing, Section 6 concerning Borrower's occupancy of the Property is deleted.

  **G. ASSIGNMENT OF LEASES.** Upon Lender's request after default, Borrower shall assign to Lender all leases of the Property and all security deposits made in connection with leases of the Property. Upon the assignment, Lender shall have the right to modify, extend or terminate the existing leases and to execute new leases, in Lender's sole discretion. As used in this paragraph G, the word "lease" shall mean "sublease" if the Security Instrument is on a leasehold.

  **H. ASSIGNMENT OF RENTS; APPOINTMENT OF RECEIVER; LENDER IN POSSESSION.** Borrower absolutely and unconditionally assigns and transfers to Lender all the rents and revenues ("Rents") of the Property, regardless of to whom the Rents of the Property are payable. Borrower authorizes Lender or Lender's agents to collect the Rents, and agrees that each tenant of the Property shall pay the Rents to Lender or Lender's agents. However, Borrower shall receive the Rents until (i) Lender has given Borrower notice of default pursuant to Section 22 of the Security Instrument and (ii) Lender has given notice to the tenant(s) that the Rents are to be paid to Lender or Lender's agent. This assignment of Rents constitutes an absolute assignment and not an assignment for additional security only.

  If Lender gives notices of default to Borrower: (i) all Rents received by Borrower shall be held by Borrower as trustee for the benefit of Lender only, to be applied to the sums secured by the Security Instrument and modified by the Loan Modification Agreement; (ii) Lender shall be entitled to collect and receive all of the Rents of the Property; (iii) Borrower agrees that each tenant of the Property shall pay all Rents due and unpaid to Lender or Lender's agents upon Lender's written demand to the tenant; (iv) unless applicable law provides otherwise, all Rents collected by Lender or Lender's agents shall be applied first to the costs of taking control of and managing the Property and collecting the Rents, including, but not limited to, attorneys' fees, receiver's fees, premiums on receiver's bonds, repair and maintenance costs, insurance premiums, taxes, assessments and other charges on the Property, and then to the sums secured by the Security Instrument; (v) Lender, Lender's agents or any judicially appointed receiver shall be liable to account for only those Rents actually received; and (vi) Lender shall be entitled to have a receiver appointed to take possession of and manage the Property and collect the Rents and profits derived from the Property without any showing as to the inadequacy of the Property as security.

  If the Rents of the Property are not sufficient to cover the costs of taking control of and managing the Property and of collecting the Rents any funds expended by Lender for such purposes shall become indebtedness of Borrower to Lender secured by the Security Instrument pursuant to Section 9.

  Borrower represents and warrants that Borrower has not executed any prior assignment of the Rents and has not performed, and will not perform, any act that would prevent Lender from exercising its rights under this paragraph.

---

**MULTISTATE 1-4 FAMILY RIDER**  
**FNMA/ FHLMC UNIFORM INSTRUMENT**  
               **Form 3170 01/01 (Modified)**  
               **Page 2 of 4**

Loan No.: 1461005216

     Lender, or Lender's agents or a judicially appointed receiver, shall not be required to enter upon, take control of or maintain the Property before or after giving notice of default to Borrower. However, Lender, or Lender's agents or a judicially appointed receiver, may do so at any time when a default occurs. Any application of Rents shall not cure or waive any default or invalidate any other right or remedy of Lender. This assignment of Rents of the Property shall terminate when all the sums secured by the Security Instrument or the Loan Modification Agreement are paid in full.

     **I.**   **CROSS-DEFAULT PROVISION.**  Borrower's default or breach under any note or agreement in which Lender has an interest shall be a breach under the Security Instrument and Lender may invoke any of the remedies permitted by the Security Instrument.

     **J.**   **TERMS CONTROL PROVISION.**  Except as otherwise specifically provided in this 1-4 Family Rider, the Loan Modification Agreement, the Note and Security Instrument will remain unchanged and in full effect.

_____2/20/19_____
Date

_____
Date

_____
Date

_____
Date

_____(Seal)
Renea D Thomas        -Borrower

_____(Seal)
-Borrower

_____(Seal)
-Borrower

_____(Seal)
-Borrower

**MULTISTATE 1-4 FAMILY RIDER**
**FNMA/ FHLMC UNIFORM INSTRUMENT**

Form 3170 01/01 (Modified)
Page 3 of 4

Loan No.: 1461005216

U.S. Bank Trust National Association, as Trustee

of Bungalow Series F Trust by its attorney-in-fact, -Lender

BSI Financial Services

_____   -Date

By: _____

Its: _____

Loan No.: 1461005216

# LOAN MODIFICATION AGREEMENT
# BANKRUPTCY DISCLOSURE ADDENDUM

THIS LOAN MODIFICATION AGREEMENT BANKRUPTCY DISCLOSURE ADDENDUM is made this 5th     day of    February, 2019          , and is incorporated into and shall be deemed to amend and supplement the Loan Modification Agreement of the same date, given by the undersigned (the "Borrower") which modifies Borrower's Note and Security Instrument to U.S. Bank Trust National Association, as Trustee of Bungalow Series F Trust by its attorney-in-fact, BSI Financial Services

(the "Lender")

and covers the Property located at:

1209 Dayman Avenue, Fort Pierce, Florida 34950
*[Property Address]*

In addition to the covenants and agreements made in the Loan Modification Agreement, the Borrower and Lender covenant and agree as follows:

1. **Borrower has filed for a Chapter 13 bankruptcy and, Lender's final approval of the Loan Modification Agreement is contingent upon approval of the Loan Modification Agreement by the bankruptcy court.**
2. Borrower will seek a discharge in a Chapter 13 bankruptcy proceeding **AFTER** the execution of Loan Modification Agreement;
3. Borrower understands and acknowledges that Borrower has had an opportunity to consult an attorney of Borrower's own choosing before Borrower executed the Loan Modification Agreement and this Loan Modification Agreement Bankruptcy Disclosure Addendum, and Borrower has either consulted with an attorney or has declined the opportunity to consult with an attorney.

Except as otherwise specifically provided in this Loan Modification Agreement Bankruptcy Disclosure Addendum, the terms of the Loan Modification Agreement will remain unchanged and in full effect.

_____     _____
Renea D Thomas              -Borrower          -Borrower


_____     _____
                            -Borrower          -Borrower

---

LOAN MODIFICATION AGREEMENT BANKRUPTCY DISCLOSURE ADDENDUM                    Page 1 of 2
CHAPTER 13 ACTIVE BANKRUPTCY

Loan No.: 1461005216

<u>U.S. Bank Trust National Association,</u>
as Trustee of Bungalow Series F Trust   –Lender                    _____
by its attorney-in-fact, BSI Financial                                                           -Date
Services


By: _____


Its: _____

Loan No.: 1461005216

# NOTICE OF NO ORAL AGREEMENTS

**THIS WRITTEN LOAN AGREEMENT REPRESENTS THE FINAL AGREEMENT BETWEEN THE PARTIES AND MAY NOT BE CONTRADICTED BY EVIDENCE OF PRIOR, CONTEMPORANEOUS, OR SUBSEQUENT ORAL AGREEMENTS OF THE PARTIES.**

**THERE ARE NO UNWRITTEN ORAL AGREEMENTS BETWEEN THE PARTIES.**

**Receipt of Notice:** The undersigned hereby represents and warrants that I/we have each received and read a copy of this Notice on or before the execution of the "Loan Agreement." "Loan Agreement" means one or more promises, promissory notes, agreements, undertakings, security agreements, deeds of trust or other documents, or commitments, or any combination of those actions or documents, pursuant to which a financial institution loans or delays repayment of or agrees to loan or delay repayment of money, goods, or any other thing of value or to otherwise extend credit or make a financial accommodation.


_____ -Borrower
Renea D Thomas

_____ -Borrower


_____ -Borrower

_____ -Borrower

Loan No.: 1461005216

# CORRECTION AGREEMENT

**Borrower(s):** Renea D Thomas

**Property:** 1209 Dayman Avenue, Fort Pierce, Florida 34950

**Words used in this Agreement are defined below. Words in the singular mean and include the plural and vice versa.**

"Borrower" is Renea D Thomas.

"Lender" is U.S. Bank Trust National Association, as Trustee of Bungalow Series F Trust by its attorney-in-fact, BSI Financial Services
, and its successors or assigns.
"Loan" means the debt evidenced by the Note and all sums due under the Security Instrument.
"Note" means the promissory note(s) signed by Borrower in favor of Lender or any assignee of Lender.
"Security Instrument" means the Deed of Trust/Mortgage/Security Deed, signed by Borrower in favor of Lender, securing payment of the Note.

AGREEMENT TO CORRECT OR PROVIDE ADDITIONAL DOCUMENTATION OR FEES: In consideration of the Loan Modification Agreement offered by Lender in the amount of $315,318.66 , which modifies the Note and Security Instrument, and regardless of the reason for any loss, misplacement, omission, misstatement or inaccuracy in any Loan documentation, Borrower agrees as follows: If any document is lost, misplaced, omitted, misstated or inaccurately reflects the true and correct terms and conditions of the Loan, upon request of Lender (including any assignee of Lender), Borrower will comply with Lender's request to execute, acknowledge, initial and/or deliver to Lender any documentation Lender deems necessary to replace and/or correct the lost, misplaced, omitted, misstated or inaccurate document(s). All documents Lender requests of Borrower shall be referred to as "Requested Documents." Borrower agrees to deliver the Requested Documents within ten (10) days after receipt by Borrower of a written request for such replacement. Borrower does hereby agree to comply with Lender's request to assure that the Loan documentation executed this date will enable Lender to seek insurance or guaranty from the Department of Housing and Urban Development (HUD) or Department of Veteran's Affairs (VA), if applicable, or to conform with and be acceptable to the Federal National Mortgage Association (FNMA), Federal Home Loan Mortgage Corporation (FHLMC), Government National Mortgage Association (GNMA), or any other investor.

REQUEST BY LENDER: Any request under this Agreement may be made by the Lender (including assignees and persons acting on behalf of the Lender) and shall be prima facie evidence of the necessity for same. A written statement addressed to Borrower at the address indicated in the Loan documentation shall be considered conclusive evidence of the necessity for Requested Documents.

BORROWER LIABILITY: If Borrower fails or refuses to execute, acknowledge, initial or deliver the Requested Documents to Lender within ten (10) days after being requested to do so by Lender, Borrower understands that Lender is relying on the representations contained herein and agrees to be liable for any and all loss or damage which Lender reasonably sustains thereby including, but not limited to, all reasonable attorneys' fees and costs incurred by Lender.

This Agreement shall inure to the benefit of Lender's successors and assigns and be binding upon the heirs, devises, personal representatives, successors and assigns of Borrower.

## ACKNOWLEDGMENT OF RECEIPT

**I hereby acknowledge receipt of this Correction Agreement and further acknowledge that I understand its provisions. Words used in this Correction Agreement mean and include the plural and vice versa.**

_Renea D Thomas_ 2/20/19

Renea D Thomas                    -Borrower (Date)                                              -Borrower (Date)


_____                              _____
                                 -Borrower (Date)                                              -Borrower (Date)

Loan No.: 1461005216

# ATTORNEY SELECTION NOTICE

By signing below, it is understood and agreed that you may hire a lawyer or attorney to advise you regarding this transaction and its consequences.

SELLER:                                        BORROWER:

N/A Modification _____        Renea D Thomas _____ 2/20/19
                                (Date)          Renea D Thomas            (Date)


N/A Modification _____        _____
                                (Date)                                    (Date)


_____        _____
                                (Date)                                    (Date)


_____        _____
                                (Date)                                    (Date)


ATTORNEY SELECTION NOTICE -MULTISTATE                                  Page 1 of 1

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**
www.flsb.uscourts.gov

In re:  Renea D. Thomas                                    Case No.: 17-16560-EPK
       SS#:  5647                                              Chapter 13

       Debtor(s).
_____/

**ORDER GRANTING MOTION TO APPROVE MORTGAGE MODIFICATION**
**AGREEMENT WITH BANK OF AMERICA, NA AND/OR FEDERAL NATIONAL**
**MORTGAGE ASSOCIATION AND/OR STEREUS, INC. AND/OR BUNGALOW**
**SERIES F REO, LLC AND/OR BSI FINANCIAL SERVICES AND/OR US BANK**
**TRUST NATIONAL ASSOCIATION, AS TRUSTEE OF AND/OR BUNGALOW**
**SERIES F TRUST**

This matter came before the Court:

☒    On the Debtor's Ex Parte Motion to Approve Mortgage Modification
      Agreement with Bank of America, NA and/or Federal National Mortgage
      Association and/or Seterus, Inc. and/or Bungalow Series F REO, LLC
      and/or US Bank Trust National Association, as Trustee of Bungalow Series
      F Trustand/or BSI Financial Services ("Lender").

☐    For hearing on _____, upon Self-Represented Debtor's
      Motion to Approve Mortgage Modification Agreement with Lender.

MMM-LF-16 (rev. 04/01/15)

The Court, having considered the motion and being otherwise fully advised in the premises, it is

**ORDERED** as follows:

1. The Motion to Approve Mortgage Modification Agreement between the Debtor and Bank of America, NA and/or Federal National Mortgage Association and/or Seterus, Inc. and/or Bungalow Series F REO, LLC and/or US Bank Trust National Association, as Trustee of Bungalow Series F Trustand/or BSI Financial Services ("Lender") regarding real property located at 1209 Dayman Avenue, Fort Pierce, FL 34950 is granted.

2. The parties are authorized to take any and all necessary actions to effectuate the terms of the Agreement.

3. The Debtor shall modify the last filed chapter 13 plan to provide for the payment.

4. The Court reserves jurisdiction to enforce the terms of the Agreement and this Order.

###

Debtors' attorney shall serve a conformed copy of this Order upon all parties of interest and shall file a Certificate of Service in accordance with Local Rule 2002-1(F).

MMM-LF-16 (rev. 04/01/15)